THE BARLOW BROTHERS COMPANY *vs.* JOHN W. GAFFNEY
ET AL.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 4137, relating to mechanics' liens, provides that no
person except the original contractor, or a "subcontractor" whose
contract with such original contractor is in writing and has been
assented to in writing by the owner, shall be entitled to a lien, un-
less he shall give written notice to the owner within sixty days
after he ceases to furnish labor and material; but that no agree-
ment with, or consent of, the owner, should be necessary for a sub-
contractor who had no such written contract, or for any "person
who furnishes materials or renders services by virtue of a con-
tract with the original contractor or with any subcontractor."
*Held* that the plaintiff, to whom a subcontractor sublet or turned
over his portion of the work, might give the prescribed notice to
the owner, and thereupon be entitled to a lien, although he did
not obtain the assent of the owner to his contract with such sub-
contractor.
Whether the plaintiff could be regarded as a "subcontractor" within
the meaning of the statute, *quære.*
The right to a lien is given by statute, and courts are powerless to
change the conditions upon which it depends.
Before the plaintiff gave notice of his claim, the original contractor
had paid the subcontractor in full. *Held* that such payment did
not defeat the plaintiff's lien.
The history of the statutes relating to mechanics' liens briefly reviewed.

Submitted on briefs June 5th—decided July 24th, 1903.

ACTION upon a bond substituted for a mechanic's lien,
brought to the Superior Court in New Haven County where
the plaintiff's demurrer to the answer was overruled (*Ga-
ger, J.*) and judgment was subsequently rendered (*Ralph
Wheeler, J.*) for the defendants, upon the admissions of the
reply; from which the plaintiff appealed. *Error, judgment
set aside and cause remanded.*

*Nathaniel R. Bronson, Edwin S. Hunt* and *Wilson H.
Pierce,* for the appellant (plaintiff).

*Lucien F. Burpee* and *Terrence F. Carmody*, for the appellees (defendants).

TORRANCE, C. J.   The bond in suit was made by John W. Gaffney and Company as principals and the other defendants as sureties, and was given for the release of a mechanic's lien claimed by the plaintiff upon certain premises in Waterbury.   The condition of the bond recited the facts upon which the lien was claimed, and ended with these words : "Now, therefore, if said John W. Gaffney & Company shall well and truly pay to the said Barlow Brothers Company all that money that may be justly and legally due it, with interest and costs, under said mechanic's lien, this bond shall be void, otherwise good and valid."   The sum claimed by way of lien is $1,225, and the answer admits, in substance, that if the lien is a valid one, this sum, with interest, is due upon the bond.

The controlling facts relating to the validity of the lien are these : On the 3d of January, 1902, Gaffney and Company entered into a written contract with an ecclesiastical corporation of Waterbury, owning land there, to erect and complete a building on said land ; and on the 6th day of the same month Gaffney and Company contracted with a corporation, called the Seeley and Upham Company, to do the plumbing on said building.   Subsequently, in January, 1902, the Seeley and Upham Company sublet said plumbing contract to the plaintiff.   The plaintiff completed said plumbing work on the 30th of August, 1902, but has been paid nothing thereon.   Gaffney and Company claim to have paid the Seeley and Upham Company in full for said plumbing, on August 28th, 1902.   On the 27th of September, 1902, the plaintiff gave written notice to the ecclesiastical corporation, as required by law, of its intention to claim a lien upon said building and land for said plumbing, and three days later filed its certificate of lien as required by law.   When said certificate was filed there was due to Gaffney and Company from said ecclesiastical corporation the sum of about $5,000.

On the sole ground that in doing this plumbing work the

plaintiff was a subcontractor of the Seeley and Upham Company, the trial court held that the plaintiff, under our law, was not entitled to a lien; and whether it erred or not in so holding is the main question in the case. The answer to this question depends upon the construction of our statutes relating to mechanics' liens.

The statutes specially bearing upon this question are now to be found in §§ 4135 and 4137 of the General Statutes. Section 4135 provides, among other things, as follows: "If any person shall have a claim . . . for materials furnished or services rendered in the construction " of any building, " and such claim shall be by virtue of an agreement with or by consent of the owner of the land upon which such building is erected . . . or of some person having authority from or rightfully acting for such owner in procuring such labor or materials, such building with the land on which it stands shall be subject to the payment of such claim. Such claim shall be a lien on such land " and building. Section 4137 provides, among other things, as follows: " No person other than the original contractor for the construction . . . of the building, or a subcontractor, whose contract with such original contractor is in writing, and has been assented to in writing by the other party to such original contract, shall be entitled to claim any such lien, unless he shall, after commencing, and not later than sixty days after ceasing, to furnish materials or render services for such construction, . . . give written notice to the owner of such building that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on said building. . . . No subcontractor, without a written contract complying with the provisions of this section, and no person who furnishes material or renders services by virtue of a contract with the original contractor or with any subcontractor, shall be required to obtain an agreement with, or the consent of, the owner of the land, as provided in § 4135, to enable him to claim a lien under this section."

Legislation of the kind here in question appears to have begun in this State in 1836. It extended at first only to

buildings erected in cities, in favor of original contractor having claims exceeding $200. Public Acts of 1836, Chap. 76. In 1839 it was extended to any dwelling-house or other building, and to subcontractors having a claim of $50 or more and having an agreement in writing with the original contractor, assented to in writing by the proprietor of the building and land. Public Acts of 1839, Chap. 29. The legislation of this kind between 1836 and 1855 was embodied in Chap. 76 of the Public Acts of the latter year. That Act provided, among other things, that the claim of the mechanic need only exceed the sum of $25; and that any person having such a claim for materials furnished or services rendered in the erection of the building should have a lien; but it also provided that no person except the original contractor should have a lien, unless within sixty days from the time he began to furnish materials and render services he notified the owner of such fact and that he intended to claim a lien therefor. It also provided that the clause as to notice should not apply to the original contractor, "nor to any subcontractor whose contract with such original contractor is in writing, and has been assented to in writing by the other party to such original contract."

The law as embodied in the Act of 1855 remained the law upon this subject, without any change which it is material to note, down to the Revision of 1875. In 1875 the important provision requiring the claim to be "by virtue of an agreement with or by consent of the owner," or his agent, was added by Chap. 15 of the Public Acts of that year. In 1879 it was provided that "no subcontractor, with or without a written contract, shall be required to obtain an agreement with, or the consent of such owner, to his procuring or furnishing such labor or materials, to enable such subcontractor to claim a lien." Public Acts of 1879, Chap. 43. In the Revision of 1888 (§ 3020) the above provision appears in this form: "No subcontractor, with or without a written contract complying with the provisions of this section [as to being in writing and assented to in writing by the owner of the land], shall be required to obtain an agreement with, or the consent

of, the owner of the land, as provided in section 3018, to enable him to claim a lien under this section." By Acts passed in 1899 and 1901 this provision was amended to read as follows: "No subcontractor, with or without a written contract complying with the provisions of this section, and no person who furnishes material or renders services by virtue of a contract with the original contractor or with any subcontractor, shall be required to obtain an agreement with, or the consent of, the owner of the land, as provided in section 3018 of the General Statutes, to enable him to claim a lien under this section." Public Acts of 1899, Chap. 121; id. 1901, Chap. 80. This is substantially the form in which this provision appears in § 4137 of the Revision of 1902, hereinbefore recited.

Speaking generally, it may be said that our statutes give a mechanic's lien to two classes of persons: (1) to those whose claim is by virtue of an agreement with the owner of the land and building, or by his "consent," and consequently with his knowledge and allowance; (2) to those having a claim of the statutory description but without any such agreement or consent. In the first class, whoever else it may include, come (*a*) the original contractor; (*b*) any contractor with him by virtue of a written contract assented to in writing by the owner; and (*c*) any one having the statutory claim by consent of the owner. In the second class, whoever else it may include, come (*a*) all contractors with the original contractor, under contracts not assented to in writing by the owner, and (*b*) all persons whose claim is by virtue of a contract with any such subcontractor. Persons in the second class must give the notice required by § 4137 of the General Statutes, while those in the first class need give no such notice.

Without deciding the point, it may be conceded, for the purposes of this case, that the word "subcontractor," as used in § 4137, means one who comes in under the original contractor, and not one who comes in under such a subcontractor. *Spaulding.* v. *Thompson Eccl. Society*, 27 Conn. 573, 577. We think the plaintiff comes within the second of the above

classes, and is entitled to a lien. The Seeley and Upham Company may be regarded, for the purposes of this case, as a subcontractor within the meaning of the statute; and the admitted fact is, that the plaintiff did the plumbing in and about the building under a contract with such subcontractor. We think the plaintiff must be regarded as a person who furnished materials and rendered services in the construction of the building " by virtue of a contract with a subcontractor," and thus comes within the letter and, we also think, within the spirit of our existing statutes relating to mechanics' liens.

The case of *Alderman* v. *Hartford & N. Y. Trans. Co.*, 66 Conn. 47, relied upon to some extent in the court below and in this court as sustaining the claim of the defendant, was decided in March, 1895, before the amendments of 1899 and 1901 allowed a person having the statutory claim " by virtue of a contract with any subcontractor " to have a lien; and we think there is nothing in the opinion in that case which sustains the defendant's claim, or is inconsistent with the views expressed in this case.

Another point made in the case is that the plaintiff's lien is defeated by the fact that the original contractor paid the Seeley and Upham Company in full for the plumbing work on the 28th of August, 1902. That fact was alleged in the answer, and denied in the reply, and whether it is true or not does not appear from the record. Assuming, however, without deciding, that such payment was made, it does not we think defeat the plaintiff's lien. The plaintiff's right to a lien is given solely by statute, and is not made to depend in any way upon the act of the original contractor in paying or not paying his immediate subcontractor. The legislative conditions upon which the plaintiff's right to a lien is made to depend do not include such an act, and if the court should make such an act one of these conditions, that would be an act of judicial legislation rather than one of construction and interpretation. If the original contractor is, under the present law, unprotected, in that he may be compelled to pay twice for the same work and materials, the fault is not with

the plaintiff, and the remedy must be sought in the legislature and not in the courts.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.