LOTTIE I. NORTON ET AL. *vs.* THE SHORE LINE ELEC-
TRIC RAILWAY COMPANY (NORTON ET AL. APPEAL
FROM RAILROAD COMMISSIONERS).

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An application to the railroad commissioners for their approval of the
   layout of a railway on private land, and of the method of its con-
   struction therein described, should allege that the directors of the
   railway company have adopted the proposed plan of location; for
   until such adoption of the location the railroad commissioners
   have no authority to act in the matter.
Landowners who appear and contest such an application waive their
   right to subsequently object upon the ground that no notice of its
   pendency was given them.
Until a railway company secures the right to locate its line upon private
   land, either by agreement with the owner or by the exercise of its
   power to condemn, it cannot lawfully ask the railroad commis-
   sioners to approve of its layout and its method of construction.
Every owner of land abutting a highway—whether owner in fee of the
   land in the highway or not—is entitled, as a matter of right, to
   show, both before the railroad commissioners and the Superior
   Court on appeal, that the method of location and construction in
   front of his premises, which is urged by the railway company, will
   cause him special and peculiar damage.
In determining the method and manner of constructing a railway in a
   highway, the railroad commissioners must protect the rights of the
   general public, so far as is consistent with a reasonably practical
   execution of the railway franchise, and at the same time do no
   greater injury to an owner of land abutting the highway than
   necessarily follows the due exercise of such franchise; and the ques-
   tion whether they have exercised their powers of regulation within
   these limits is essentially one of a judicial nature.
A motion to erase a case from the docket, like a demurrer, admits all
   well-pleaded facts.

Argued November 3d, 1910—decided January 6th, 1911.

APPEAL by the plaintiffs from an order of the rail-
road commissioners designating and directing the
method of construction of the Shore Line Electric
Railway Company, taken to the Superior Court in

New Haven County where a motion to erase the appeal was granted (*Williams, J.*), from which the plaintiffs appealed. *Error and cause remanded.*

This case, known as No. 6923, was argued in connection with the cases preceding, Nos. 6922 and 6924.

The following facts appear of record in case 6923: The appellants are residents of the town and borough of Guilford, and owners of property fronting on York Street in said borough. On December 4th, 1909, said Railway Company presented to said commissioners its petition praying them "to approve the layout of the railway on private land, and the method of construction" set forth in its petition. Said commissioners duly issued an order of notice to said Railway Company and the selectmen of Guilford for a hearing upon said petition on December 15th, 1909. On said day the appellants appeared and filed their petition and protest against the consideration or approval by said commissioners of said petition of said Railway Company, because the plan referred to therein showed that said company proposed to lay its tracks in and through and across the private land owned by the appellants on said York Street in said borough and town of Guilford, although no notice as by statute provided had been given to them, and although they had not agreed with said Railway Company to allow it to take said land. On said December 15th said commissioners continued the petition of said Railway Company pending the disposition of its petition and appeal from the orders of said borough and town (cases 6922 and 6924) until April 20th, when said appeals were disposed of, and said Railway Company having filed plans showing the proposed location of said railway in the highways of said town, and having filed copies of the approval of said town of the location of said railway, with certain modifications as provided in the finding of said com-

missioners under date of April 20th, said commissioners designated and directed that the kind, quality, method and manner of construction of said railway, and the method and manner of applying the motive power, be as specified in the petition of said Railway Company. Said commissioners also designated and ordered the equipping of all double truck passenger cars of said railway with power brakes, and its bare wires at certain points with wood tree insulators and at other points with guard wires, and ordered and directed the kind and quality of poles to be used in said borough. And said commissioners continued the matter of said protest from time to time until April 20th, 1910, when the petition of said Railway Company and said protest were disposed of, as the finding recites, "by approving the petition of said Company as to its method of construction, and a finding issued to that effect April 30, 1910. The petitions of Lottie I. Norton and Cynthia C. Norton, dated December 9, 1909, are therefore dismissed."

The appellants duly appealed to the Superior Court from the orders of said commissioners on the petition of said Railway Company, and on the dismissal of their said protest; and the appeal, par. 7, recites: "Your petitioners are aggrieved by the failure of said board of Railroad Commissioners to make an order dismissing and disallowing that portion of the application of said The Shore Line Electric Railway Company which asks for the approval of the location of its railway on private land, because said location attempts to take a portion of your petitioners' land, and in making such location said The Shore Line Electric Railway Company have not complied with the requirements of the statutes, and are also aggrieved by the finding and order of said Railroad Commissioners upon petitioners' said petition and motion."

Said Railway Company moved to erase said appeal because: (1) Said order of the commissioners on the petition of the Railway Company simply approved its petition as to the method of construction of its railway, and did not authorize the taking of appellants' land. (2) The action of said commissioners upon the petition of said Railway Company was the exercise of purely legislative and administrative powers, and no appeal lay therefrom. (3) This court has no power to entertain said appeal, since it involves the disposition of legislative and adminstrative, and not of judicial, powers. The court, *Williams, J.*, granted said motion on the ground therein stated.

The appellants duly appealed therefrom because: "1. The petition of The Shore Line Electric Railway Company to the board of Railroad Commissioners applied for an approval of the layout of a railway over appellants' private land and the method of construction over said private land, but their decision did not definitely state whether they approved the layout through appellants' private land. Said decision thereby impliedly approved the layout over appellants' private land, and appellants had a right to have said decision state clearly whether it did or did not approve such layout; and their protest against the layout over appellants' land was ignored, so far as the petition for the approval of the layout and construction over their land was concerned, and applied by the commissioners to other petitions relating to a different matter. 2. The approval of the construction of the railway over appellants' private land approved the right to construct the railway over said land, and the circumstances were such that appellants would be bound thereby."

*Henry G. Newton* and *Livingston W. Cleaveland,* for the appellants (plaintiffs).

*Charles Welles Gross,* for the appellee (defendant).

WHEELER, J.   Much of the discussion in the preceding cases is applicable here.

The function of the motion to erase, the interpretation to be given the word "aggrieved" in § 3834 of the General Statutes, the scope of an appeal under said section, and the allegations sufficient in such an appeal to withstand a motion to erase, need not be repeated, nor need we restate the doctrine that the illegal exercise by the railroad commissioners of their powers, or of their right of regulation, over street railways, will justify judicial interference.

These proceedings disclose no action of the directors of the Railway Company approving a plan of location. Until such action, any approval by the railroad commissioners of the plan and method of construction was unauthorized in law.   *New York, N. H. & H. R. Co. v. Stevens,* 81 Conn. 16, 18, 69 Atl. 1052.

One ground of appeal is the action of the commissioners in dismissing the petition or protest of the appellants, in which they set forth their objection to the consideration or approval of the petition of the Railway Company praying that the commissioners "approve the layout of the railway on private land and the method of construction herein set forth," because the plan of the railway location shows that the Company proposes to lay its tracks across the land owned by the appellants on York Street in said borough, although no notice of said petition had been given appellants and they had not agreed to allow said Company to take said land.

Since the motion to erase admits the facts well pleaded, the case is one where the Railway Company seeks to secure the approval of the commissioners of its plan of layout on private land, and its method of con-

struction, without having given one of the owners of such land notice of its petition, and without having secured the right to take such land.

The appearance of the appellants, the filing of their petition and protest, and hearing thereon, was a waiver of their right to subsequently object to the failure to give them notice.

York Street is not among the highways specifically named in the route designated in the charter of the Railway Company. There is nothing in any part of these proceedings which tends to even suggest that that part of York Street over which the said Railway Company proposes to locate, and which the appellants allege they own, is a public highway. So far as the record stands the appellants' rights to York Street are the same as to their own dooryard. Its Act of incorporation (14 Special Laws, p. 720, § 3) gave the Shore Line Electric Railway Company the right to "take for railroad purposes as much real estate lying outside any highway as may be necessary for the proper construction and operation of its road within the limits of the route hereinbefore mentioned, and may condemn land, where necessary, in the same manner provided in the General Statutes relating to the taking of land by railroad companies operated by steam."

Until it secures, by agreement with the appellants, or by the exercise of its power to condemn, the right to locate over the appellants' said land, it has no right to have its petition entertained or approved.

If York Street were a public highway, irrespective of the question of the right of the owner of the fee in the highway to compensation preceding the location and operation of the railway over such highway, the appellants were entitled to have their case remain in court.

Either as owners of the fee, or as adjoining owners, these appellants could recover damages if the location

or method of construction of this railway did them special and peculiar damage. *Canastota Knife Co.* v. *Newington Tramway Co.*, 69 Conn. 146, 159, 36 Atl. 1107; *New York, N. H. & H. R. Co.* v. *Fair Haven & W. R. Co.*, 70 Conn. 610, 615, 40 Atl. 607, 41 id. 169. In an appropriate case they might even invoke the aid of a court of equity to prevent special damage to their property.

The commissioners must determine the method and manner of construction in such way as to protect the rights of the general public, so far as is consistent with the execution of the franchise granted the Railway Company in a reasonably practical way, and at the same time do no greater injury to the owner of the fee of the highway or the adjoining owner than follows its due exercise.

Every owner of the fee of the highway over which a railway company proposes to locate, and every adjoining owner, is entitled, as of right, to the opportunity to show before the commissioners, and the court on appeal, that a method of location or construction will cause him special damage.

The terms of the appeal to the Superior Court enable the appellants to establish, as one of their grievances, any special injury or damage done them by the order appealed from.

Whether the commissioners have exercised their powers of regulation in a way so as to do no greater injury to the owners of the fee in the highway, or the adjoining owners on the highway, than the performance of their duties require, or whether the construction approved of may do the appellants special injury, are essentially judicial questions. *Waterbury's Appeal*, 78 Conn. 222, 226, 61 Atl. 547; *New York, N. H. & H. R. Co.'s Appeal*, 80 Conn. 623, 641, 70 Atl. 26.

There is error, the judgment is reversed and the cause remanded with instructions to overrule the motion to erase.

In this opinion the other judges concurred.