WINFRED T. LONG ET AL. *v.* ZONING COMMISSION OF
THE CITY OF NORWALK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 3—decided November 8, 1946

*A. D. Slavitt,* with whom, on the brief, was *Paul R. Connery,* for the appellee (defendant).

*Frank J. Culhane,* with whom, on the brief, was *John Keogh, Jr.,* for the appellant (plaintiff).

MALTBIE, C. J. This proceeding purports to be an appeal from the zoning commission of the city of Norwalk in which its action in making certain amendments to the zoning regulations of the city is attacked. The trial court dismissed the appeal on the ground that it lacked jurisdiction because there is no statutory authority for an appeal from orders of the zoning commission. The plaintiffs filed an appeal to this court. A motion to erase that appeal for want of jurisdiction to entertain it has been filed by the defendant.

It is within the power of every court to determine whether or not it has jurisdiction of a proceeding brought before it. *Stoll* v. *Gottlieb,* 305 U. S. 165, 171, 59 Sup. Ct. 134, 83 L. Ed. 104; 21 C.J.S. 174. Our statute merely requires as the foundation of an appeal that there be a "final judgment"; General Statutes, § 5689; a judgment dismissing an action for want of jurisdiction is a "final judgment" and any party aggrieved may properly appeal to this court. *Beard's Appeal,* 64 Conn. 526, 534, 30 A. 775; *Williams Co.* v. *Mairs,* 72 Conn. 430, 44 A. 729; *O'Brien's Petition,* 79 Conn. 46, 59, 63 A. 777; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 A. 593. As stated in two early cases, if a party whose action is dismissed by a trial court for want of jurisdiction cannot have that judgment reviewed by this court, he would be remediless as regards error in that judgment. *Main* v. *First School District,* 18 Conn. 214, 221; *Woodruff* v. *Bacon,* 35 Conn. 97, 102. The plaintiffs had a right to take the appeal.

It does not follow, however, that the present motion does not lie. If the trial court did not have

jurisdiction of the proceeding, neither does this court. *In re Application of Smith,* 133 Conn. 6, 8, 47 A.2d 521. The defect claimed was in the fact that the statutes give no right of appeal from an order of the zoning commission of the city of Norwalk; it was, therefore, one which was apparent on the face of the record; and a motion to this court to erase the appeal was proper. Conn. App. Proc., p. 197. With that motion before us, we must examine the question before taking any further step in the case. *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411; *Lapinski* v. *Copacino,* 131 Conn. 119, 122, 38 A.2d 592.

The first zoning law in this state was enacted in 1923, and it applied to the city of Norwalk and seven other named municipalities. Public Acts, 1923, Chap. 279. It provided that in each such municipality a zoning commission and a board of adjustment might be appointed; the commission was authorized to adopt zoning regulations and to modify, amend or repeal them; any person aggrieved was given a right to appeal to the board of adjustment; and an appeal from that board to the courts was authorized. There was no provision for any appeal directly from any action by the commission to the courts. In 1925 a zoning law was enacted applicable generally to the municipalities of the state except New Haven. Public Acts, 1925, Chap. 242. It provided for the appointment in each municipality of a zoning commission and a board of appeals; it authorized the commission to establish zoning regulations and to amend, change or repeal them; it gave to any person aggrieved a right of appeal to the board of appeals and from the board

to the courts. It contained no provision for an appeal directly from a zoning commission to the courts. That act contained two references to the law passed in 1923. In the section (§ 1) authorizing the appointment of zoning commissions it provided: "The zoning authority in each city, town or borough in which a zoning commission has been created pursuant to the provisions of chapter 279 of the public acts of 1923, shall be such zoning commission." A later section (§ 20) provided that any regulations adopted by a zoning commission appointed under the provisions of that chapter were to be deemed to have been adopted under the act of 1925 and were to remain in effect until amended or repealed, and that any board of adjustment appointed under the 1923 law should, until superseded by the appointment of a board of appeal, have all the powers and duties of such a board and its decisions should be subject to review as provided in the 1925 act. Chapter 242 of the Public Acts of 1925 was included in the revision of 1930, chapter 29, but in place of the references to chapter 279 of the Public Acts of 1923 there was inserted the clause "except as otherwise provided by special act"; General Statutes, § 423. The revision commission was authorized by chapter 258 of the Public Acts of 1929 to omit from the revision any acts which in its opinion were private in nature though public in form and to draft them as separate statutes, and the secretary of the state was directed to print them with the special laws passed at the 1931 session of the General Assembly. Pursuant to that authority, chapter 279 of the Public Acts of 1923 was printed with the special acts passed at that session. 21 Spec. Laws, App., p. 18.

We have no occasion to consider to what extent the provisions of the 1923 law were affected by the act of 1925. We are only concerned with the fact that neither gives any right of appeal to the courts from a decision of a zoning commission. Appeals to the courts from administrative officers or boards exist only under statutory authority, and, unless a statute provides for them, courts are without jurisdiction to entertain them. *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 138, 32 A.2d 547; and see *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 583, 37 A. 1080, 38 A. 708. In the absence of any statutory authority for an appeal from the zoning commission of the city of Norwalk to the courts, the trial court ruled correctly in dismissing this proceeding for lack of jurisdiction. The fact, if it be as stated in the plaintiff's brief, that no board of adjustment was ever appointed in the city of Norwalk cannot change the result; such a failure could not supply the place of statutory authority for the appeal. Nor does it make any difference that, as appears from a memorandum of the trial court, the question was not raised until briefs were filed at the conclusion of the trial; jurisdiction over the subject matter of a proceeding cannot be conferred by consent or waiver. *Marcil* v. *A. H. Merriman & Sons,* supra. It is true that in *De Palma* v. *Town Plan Commission of Greenwich,* 123 Conn. 257, 193 A. 868, we gave our opinion on the issues presented in a somewhat similar situation, in view of the fact that no question as to a lack of jurisdiction was raised and a large public interest and exigency were involved; but that case cannot be regarded as a precedent for taking jurisdiction of the present pro-

ceeding, especially as a formal motion to erase has been filed.

The motion to erase is granted.

In this opinion the other judges concurred.