ROYAL INDEMNITY COMPANY *v.* HERBERT HYMAN

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 47970

Memorandum filed February 18, 1953.

*Arthur B. O'Keefe,* of New Haven, for the Plaintiff.

*Paul M. Palten,* of Hartford, for the Defendant.

FITZGERALD, J. The plaintiff is an insurance corporation and organized as such under the laws of the state of New York. It is licensed to transact business in Connecticut by the office of the insurance commissioner at Hartford; and it maintains three separate offices in Connecticut for that purpose, one being in New Haven and the other two in Hartford and Bridgeport. The defendant is an inhabitant of East Hartford in Hartford County, where service of process in this action was made upon him. These facts are not in dispute.

The only question raised by the defendant's plea in abatement which need be considered is whether this court is without jurisdiction because the defendant was an inhabitant of Hartford County at the time of service.

The plaintiff's status is that of a "foreign corporation." General Statutes § 5246. Actions brought by such corporations against inhabitants of Connecticut are subject to, and regulated by, statute. § 7753. Under this statute the case should have been made returnable to the Court of Common Pleas for Hartford County, in which county the defendant was an inhabitant. The fact that the plaintiff maintains an office in New Haven County does not affect the situation. Had the plaintiff been incorporated under the laws of the United States, that is to say, by an act of Congress, the closing provision of the statute would have permitted a return of the case to this court at New Haven. But this is not the situation at bar.

The interposed plea would be sustainable if there were not another aspect to be considered. It appears that at the time of service the defendant indorsed his consent on the original writ to a late return of the case to court, "at the option of the plaintiff." By such indorsement the defendant is held to have submitted his person to the jurisdiction of this court by consent. While jurisdiction over subject matter can never be conferred by consent or waiver (*Long* v. *Zoning Commission*, 133 Conn. 248, 252), the rule is otherwise as to jurisdiction over person. 14 Am. Jur. 381. The jurisdiction here involved is that of person and not subject matter of suit.

The plea is overruled.