This litigation involves an appeal in two counts from the action of the defendant board of selectmen of the town of Woodstock in granting the defendant Charles Bertrand a certificate of approval of location for a motor vehicle junk yard *Page 32 
under § 21-16 of the General Statutes and in granting him, under § 21-11, a license to engage in business as a dealer in junk in said town of Woodstock.
The plaintiffs, aggrieved by the doings of the defendant board, contend that the action of the defendant board was illegal, arbitrary and in abuse of the board's discretion in the following particulars: (a) Neither application specified the locality of the defendant Bertrand's contemplated business; (b) the wife of the defendant Bertrand, an owner of a one-half interest in the so-called Bertrand property in Woodstock, did not join in the application; (c) the statutory time elements with reference to the newspaper notice of the hearing and with reference to the time interval required from the time of the application and the hearing were not adhered to; (d) the board granted the certificate of location without evidence justifying its action.
For reasons which will appear below, the court's attention will be first directed toward the granting of the certificate of location. The question involved is whether the board acted illegally, arbitrarily or in abuse of its discretion in granting the defendant Bertrand the certificate of approval of location.Miller v. Zoning Board of Appeals, 138 Conn. 610,613. The statutory conditions with which the board must be concerned in considering the application are as follows: ". . . the nature and development of surrounding property; the proximity of churches, schools, hospitals, public buildings or other places of public gathering; the sufficiency in number of other such yards or businesses in the vicinity; the health, safety and general welfare of the public and the suitability of the applicant to establish, maintain or operate such yard or business and to receive a license therefor." General Statutes § 21-17. Neither the selectmen nor the court can add to those *Page 33 
conditions, set up in the statute. Barlow BrothersCo. v. Gaffney, 76 Conn. 107, 112. If the board was satisfied that the statutory standards had been met, it was within its discretion to issue the certificate.
At the beginning of the hearing, a full statement prepared by the defendant Bertrand's attorney was read to the board, taking up systematically each element of the statute, and amplification of this statement was also made by the defendant Bertrand's attorney. This procedure was obviously designed to show that the conditions of the statute had been met in order to satisfy the board that the application should be granted. "Statements of counsel made in open, public hearing, where they are subject to question and contradiction from the opposition, are entitled to such weight and credence as the board deems them worthy to receive." McMahon v.Board of Zoning Appeals, 140 Conn. 433, 435. The record clearly indicates that the board, represented by its town counsel at the hearing, was well aware of the standards that it had to consider in determining whether it chose to approve or deny the application. The minutes of the board show that meticulous consideration was given to those factors.Dubiel v. Zoning Board of Appeals, 147 Conn. 517,523. Then, again, it is obvious that the members of the board were aware of the locality and they were entitled to take that knowledge into consideration.Atlantic Refining Co. v. Zoning Board of Appeals,150 Conn. 558, 562.
Opponents of the application throughout the hearing introduced several factors which, while germane to a zoning application, were not pertinent to the board's inquiry under this application. The town counsel, with commendable candor, apprised those present of this. Petrillo v. Board of ZoningAppeals, 147 Conn. 469. The court can sympathize *Page 34 
with the position of the plaintiffs, homeowners living nearby, who purchased their property with a view toward enjoying the tranquility of rural life. Since, however, the town of Woodstock has chosen not to have zoning regulations, a purchaser of property runs the risk that the calm of the cloistered convent could be suddenly shattered at any moment by the cacophonous chords of screeching sopranos emanating from a newly opened neighborhood music school next door. See Lebanon v. Woods, 153 Conn. 182,203 (dissenting opinion by Murphy, J.). Nor does the town have an ordinance regulating the location of junk yards. See General Statutes § 21-10. In an appeal from an administrative act such as is here involved, the question is not whether the court, if it had to decide the matter, would have come to the same conclusion as the board. It searches the record to determine whether the evidence and the subordinate facts justify the board's conclusion in the proper exercise of its judgment and discretion. Yagovane v. Nelligan, 14 Conn. Sup. 339. It is the duty of the court on this appeal to review the action of the defendant board and decide whether it had abused the discretion granted to it by the pertinent statute. There was ample support for the conclusion reached by the board in granting the certificate of approval. Atlantic Refining Co.
v. Zoning Board of Appeals, supra, 562.
Again with reference to the certificate of approval of location, there is nothing in the statute or in law that required the coowner wife to join in the application. Hayden v. Zoning Board ofAppeals, 26 Conn. Sup. 169. Nor is there any requirement in § 21-17 necessitating a description of the location of the property in the application. It might be stated parenthetically, however, that the application gave reasonable notice of the locality, i.e. Rocky Hill Road and Shields Road in Woodstock, *Page 35 
and there is no claim that the plaintiffs were unaware of the site involved.
The applicable statute, § 21-17, requires a hearing not less than two nor more than four weeks from the date of the receipt of the application. Newspaper notice of the hearing is required not less than seven days before the date of the hearing. The plaintiffs concede that on June 7, 1966, the defendant Bertrand made his application. It is undisputed that on June 20 a notice of the hearing was published in the Norwich Bulletin and that a hearing was held on June 28, 1966. The plaintiffs, however, contend that by the action of counsel for Bertrand in forwarding to the selectmen a so-called supplemental application on June 23, 1966, the defendant board must have acted at the hearing on this application and not on the original application of June 7. Therefore, they argue the statutory requirements were not met. In the first place, counsel for the town in opening the hearing read the notice that appeared in the Bulletin over the name of the first selectman of the town. The notice refers to the application of Charles Bertrand. Obviously, this notice, published on June 20, 1966, referring to an application by Bertrand, indicates quite clearly that the hearing was to be held with reference to an application of the defendant Bertrand filed previously. The fact that the defendant Bertrand's application of June 7, made by him when he was not represented by an attorney, was later amplified by his attorney did not ipso facto preclude the board from proceeding on the original application and holding a hearing thereon. The so-called amplified application was read into the record and, as stated above, could be considered by the board with the other statements of counsel and given such weight as the board chose to give it. It would be ludicrous to maintain that in publishing a notice of a hearing *Page 36 
on June 20, 1966, wherein reference was made to an application of Charles Bertrand, the board called for the hearing on the so-called supplemental application submitted to the board on June 23, 1966.
With reference to the appeal under § 21-11, no authority has been cited to the court indicating that an appeal can be taken, nor can we find any general statute providing for such an appeal. Appeals to the courts from administrative officers or boards exist only under statutory authority. Long v. ZoningCommission, 133 Conn. 248, 252. Section 52-7
does not create a right of appeal but merely gives the Court of Common Pleas exclusive jurisdiction of all appeals from administrative boards. Bartlett
v. Rockville, 150 Conn. 428, 431. The court is without jurisdiction with reference to the appeal under § 21-11.
 The appeal is dismissed.