BARBARA A. DONDERO *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 146255
AT BRIDGEPORT

Memorandum filed November 14, 1972

*Steiber & Steiber,* of Bridgeport, for the plaintiff.

*Robert K. Killian,* attorney general, and *Donald E. Wasik,* assistant attorney general, for the defendant administrator.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendant Bridgeport Hospital.

FitzGerald, J. This is an appeal by Barbara A. Dondero, plaintiff-claimant-employee, from a decision of the unemployment commissioner denying her benefits under the Unemployment Compensation Act. Originally, the plaintiff was awarded benefits by the defendant administrator. The defendant-employer, Bridgeport Hospital, was notified of this award on March 4, 1971, but did not appeal the award until December 22, 1971, nine months and eighteen days later. That appeal was heard by the unemployment commissioner at Bridgeport on April 13, 1972. By finding and decision dated April 19, 1972, the commissioner reversed the administrator and denied the plaintiff benefits. The plaintiff has appealed from that decision. It would appear that the plaintiff was represented by counsel for the first time in this court.

## I

The first and basic question presented by the appeal to this court, the Superior Court, is whether the commissioner's decision of April 19, 1972, is null and void because the appeal in the first instance by the defendant-employer, the Bridgeport Hospital, was filed more than nine months after the initial award in the plaintiff's favor by the administrator.

If the answer to this question is "No," and only in that event, then a second question would arise for determination. That question would be whether the decision of the commissioner on the facts found by him was illegal, arbitrary, or in abuse of discretion.

In the view taken by the court, the first and basic question presented should be, and is, answered in the affirmative. Accordingly, this excludes the necessity of an answer to the second question.

## II

As already stated, the first and basic question is answered in the affirmative. Hence the appeal of the plaintiff-claimant-employee is sustainable.

It has been repeatedly held that the right to appeal exists solely by statute and that statutes circumscribe and govern the appeals which are taken pursuant to them. The following cases, among others, support this proposition. *McCoy* v. *Raucci,* 156 Conn. 115, 117; *Carten* v. *Carten,* 153 Conn. 603, 610; *Crouchley* v. *Pambianchi,* 149 Conn. 512, 514; *Young* v. *Tynan,* 148 Conn. 456, 457; *Bardes* v. *Zoning Board,* 141 Conn. 317, 318; *Long* v. *Zoning Commission,* 133 Conn. 248, 252.

Under the provisions of § 31-241 of the General Statutes, the administrator's decision becomes final unless an appeal is taken within seven days, exclusive of Sundays and holidays, after notice of the decision is mailed. Since the employer did not appeal until more than nine months after such notification, the appeal was necessarily late, and the commissioner had no jurisdiction to entertain it. The fact that he did hold a hearing and render a decision cannot change this fact; the decision had already become final and unappealable on March 12, 1971.

"[J]urisdiction over the subject matter of a proceeding cannot be conferred by consent or waiver." *Long* v. *Zoning Commission,* supra, 252, citing *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682.

Accordingly, the decision of the administrator, having become final without a timely appeal having been taken therefrom, must stand. The appeal of the plaintiff-claimant-employee is sustained, and the matter remanded to the commissioner to enter a

decision dismissing the initial appeal of the defendant-employer, Bridgeport Hospital, to the unemployment commissioner as untimely, and affirming the administrator's decision awarding benefits.

Judgment to so enter.