In this appeal from the action of the defendant board of police commissioners, brought to this court on the first Tuesday of February, 1970, the plaintiff claimed the case to a jury and the matter was assigned on the jury trial list. At the time that the matter was reached for trial, the plaintiff orally withdrew his claim for trial by jury. The defendant then raised the question of the power of the court to hear the case and requested that the matter be dismissed for lack of jurisdiction.
Although a motion to dismiss in the trial court is an improper procedure; East Side Civic Assn. v.Planning Zoning Commission, 161 Conn. 558,560; once the question of lack of jurisdiction is raised it must be disposed of regardless of the form of the motion. Carten v. Carten, 153 Conn. 603, 610. Lack of jurisdiction may be noticed at any time, whether or not it is raised by the parties. Tellier
v. Zarnowski, 157 Conn. 370, 373. It cannot be waived by the silence of the parties. Gannon v.Sanders, 157 Conn. 1, 6. Jurisdiction over the subject matter of a proceeding cannot be conferred by consent or waiver. Long v. Zoning Commission,133 Conn. 248. The written general appearance of the defendant, therefore, would not confer jurisdiction upon the court in the event there was a lack of power on the part of the court to hear this controversy.
Both parties agree that the basic issue before the court on the matter of jurisdiction is whether the Court of Common Pleas has jurisdiction to hear the plaintiff's appeal from the decision of the defendant under § 52-7 of the General Statutes. Under § 52-7, *Page 127 
it is provided that the "court of common pleas shall have exclusive jurisdiction of all appeals from the doings of any municipal board, officer or commission...."
At a hearing before the defendant board on January 13, 1970, Officer John Williams, the plaintiff, was discharged from the Bridgeport police department by the board for an alleged violation of § 98 of the rules and regulations of the department of police of the city of Bridgeport. The plaintiff filed the instant appeal in this court on January 16, 1970, pursuant to § 52-7 of the General Statutes. Under § 7-467 of the General Statutes, the city of Bridgeport entered into a collective bargaining agreement with police department employees. Section7-474 (f) provides, in part: "Where there is a conflict between any agreement reached by a municipal employer and an employee organization and approved in accordance with the provisions of sections7-467 to 7-477, inclusive, on matters appropriate to collective bargaining, ... and any charter, special act, ordinance, rules or regulations adopted by the municipal employer or its agents ... the terms of such agreement shall prevail; ...."
Pursuant to the provisions of the collective bargaining agreement in existence at the time of the above incident, the plaintiff filed a grievance with the board of arbitrators raising the same issues as are sought to be determined in this case. From an unfavorable decision an appeal was taken to the Superior Court, all as provided in the abovementioned collective bargaining agreement. That action was dismissed by the Superior Court. An appeal to the Supreme Court was subsequently withdrawn.
It is the contention of the plaintiff that both appellate reviews are available to him — one a contract *Page 128 
right and the other a statutory right available to him via § 52-7. With this contention the court disagrees. He quotes from the brief of the defendant in the Superior Court action that "the city feels that the contract language would not be a bar to the appeal now pending." Such an admission, however, would not confer jurisdiction on this court. Long
v. Zoning Commission, supra.
This court need not now speculate whether the Superior Court action mentioned above could have or should have been brought to the Court of Common Pleas or transferred thereto under the provisions of § 52-7.
This court (Grillo, J.) has held in Ryan v. Boardof Selectmen, 27 Conn. Sup. 31, 36, that § 52-7 does not create a right of appeal but merely gives the Court of Common Pleas exclusive jurisdiction of all appeals from administrative boards. See Bartlett
v. Rockville, 150 Conn. 428, 431.
Where the plaintiff has pursued his appeal to judgment in the Superior Court in accord with the collective bargaining agreement, he does not now possess a right to appeal to this court solely by virtue of § 52-7, absent a charter provision allowing such an appeal. Section 238 of the Bridgeport Charter avails the plaintiff nothing because the contract provisions, upon which the plaintiff's appeal to the Superior Court was based, by their express terms controlled over the provisions of the charter. The plaintiff availed himself of that remedy and he cannot now be permitted the alternate and inconsistent route to the result sought.
 For this reason the plaintiff's appeal must be, and therefore is, dismissed for lack of jurisdiction.