BEARD SAND AND GRAVEL COMPANY, INC. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF MILFORD

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 10—decided May 20, 1964

*Gilbert M. Galer,* with whom, on the brief, were *Joseph Weiner* and *William G. Gitlitz,* for the appellant (plaintiff).

*Richard H. Lynch,* for the appellee (defendant).

MURPHY, J. The plaintiff appealed to the Court of Common Pleas from the action of the defendant,

the town planning and zoning board (25 Spec. Laws 752, § 4) of the town of Milford, in designating certain of the plaintiff's property along the east bank of the Housatonic River as a public recreation area, to be developed in the future as a riverfront park. The designation is in the town plan of development which the board, acting in its capacity as a planning commission, adopted on January 3, 1957. The court held that the defendant had not acted arbitrarily, illegally or in abuse of its discretion and dismissed the appeal. The plaintiff has appealed to us.

At the time that the plan of development was adopted, municipal planning in Milford was governed by No. 536 of the 1947 Special Acts. 25 Spec. Laws 752. That act made no provision for an appeal to the courts from the decisions of the board on matters relating to planning. Section 8-28 of the General Statutes provides for appeals from the official actions of planning commissions created by ordinance under § 8-19. It does not, however, apply to the actions of planning commissions created by special act. Section 8-10 was enacted to cover situations analogous to the one in this case, but it applies only to zoning matters and not to planning. The Court of Common Pleas should have dismissed the appeal on the ground of lack of jurisdiction. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160; *Bartlett* v. *Rockville,* 150 Conn. 428, 430, 190 A.2d 690.

There is error in the form of the judgment, it is set aside and the court is directed to render judgment dismissing the appeal for lack of jurisdiction.

In this opinion the other judges concurred.