The plaintiffs Ruffino, aggrieved by the action of the defendant board in permitting, as a special exception via § 38-22 (b)(4) of the zoning ordinance of Hartford, the use of the property of the defendant VYT Corporation for parking purposes, have appealed. The property in question is located at 291-293 Laurel Street in Hartford. The appellants' property is located at 285 Laurel Street and contains several rented apartments.
The plaintiffs made the following claims: (a) The time provisions of the newspaper notice of the hearing as required by § 8-7 of the General Statutes (first notice not more than fifteen days nor less than ten days prior to hearing) were not adhered to. (b) The board failed to state the reasons for its decision as required by § 8-7. (c) Section 38-27 (4)(h) of the zoning ordinance was not complied with in *Page 262 
that the decision failed to specify that no cars should be parked within ten feet of any building, i.e., the plaintiffs' property, and did not specify that the property should be used solely for the parking of individually registered passenger automobiles.
Zoning in the city of Hartford is promulgated by a special charter provision in "An Act Revising the Charter of the City of Hartford." 25 Spec. Laws 36, 83. Under what now is chapter 18, § 9, of the special act (25 Spec. Laws 86), the zoning board of appeals is required to have meetings open to the public and to keep minutes showing all official action and its decision, and the vote of each member. Section 10 requires a reasonable time for the hearing after notice, no time limitations being therein set forth. Under § 6, chapter 18, of the special act (25 Spec. Laws 84), authority is given for the passage of an ordinance relative to the manner by which special exceptions may be granted. Section 38-27 (4) of the ordinance permits the hearing of requests for special exceptions after public notice.
The hearing was held on September 1, 1964, after publication of notice in two Hartford daily newspapers on August 24, 25 and 26, 1964.
There was sufficient compliance with the requirements of the charter regarding notice. A special statute is not affected by a statute general in its terms unless the intent to repeal is manifest. Stateex rel. Wallen v. Hatch, 82 Conn. 122, 124. The provisions relative to notice in the special act and ordinance and the general act are not repugnant.Riley v. Board of Police Commissioners, 145 Conn. 1,4; Beard Sand Gravel Co. v. Planning ZoningCommission, 151 Conn. 635, 636. Unless there is a plain indication of an intent that the general act shall repeal the special act, the special act will continue to have effect. 50 Am. Jur. 567, Statutes, *Page 263 
§ 564. The same may be said insofar as the giving of reasons is concerned. Furthermore, the provision regarding the recording of reasons for the board's action is directory only; Corsino v. Grover,148 Conn. 299, 310; and lapses that are not fundamental to the board's jurisdiction should not disturb the decision. Waterford v. Connecticut StateBoard of Education, 148 Conn. 238, 250.
An examination of the plot plan and the reference to it in the board's decision make it abundantly clear that the ten-foot rule was inherent in the board's decision. It is obvious from the application of the corporation and the order of the board that the parking was to be for individually owned vehicles and not, for example, for cars of automobile dealers or car rental agencies. Customers of the diner are intended to receive permission to park.
The decision of the board indicates that the commission acted with care and deliberation, and while it granted the exception, the conditions it attached to the granting of the exception make it obvious that the board attempted by its decision to meet the reasons for protest of the plaintiffs.
 The appeal is dismissed.