EAST SIDE CIVIC ASSOCIATION ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE CITY OF HAMDEN ET AL.

HOUSE, C. J., COTTER, RYAN, SHAPIRO and LOISELLE, Js.

Argued October 7—decided November 23, 1971

*Robert B. Snow, Jr.,* with whom, on the brief, was *Basil R. Duncan,* for the appellants (plaintiffs).

*James A. Nugent,* with whom, on the brief, was *William M. Mack,* for the appellee (defendant State Leasing, Inc.).

COTTER, J. The defendant State Leasing, Inc., owner of property located in a B-2 zone on State Street in the city of Hamden, applied, through the DeMatteo Construction Company, to the planning and zoning commission of the town of Hamden for approval of a site plan to erect two buildings on a parcel of land intended to be used as an office for the department of motor vehicles of the state of Connecticut. The site plan, as revised, was approved by the planning section of the planning and zoning commission on April 14, 1970, by a vote of four to one. The plaintiffs appealed to the Court of Common Pleas from the approval of the site plan by "the Planning Section of said Commission," claiming that "[i]n approving said site plan, said Section, and therefore said Commission, acted illegally, arbitrarily, and in abuse of the discretion vested in it." The Court of Common Pleas dismissed the appeal for lack of jurisdiction on a motion to dismiss by the defendant State Leasing, Inc., finding in its judgment that the plaintiffs are without standing to appeal and that the court lacks jurisdiction.

At the outset we are confronted with the power of the Court of Common Pleas to hear the appeal. Whenever the absence of jurisdiction of the court is brought to its attention the matter must be decided before any further action is taken. *White* v. *Planning & Zoning Commission,* 149 Conn. 746, 747, 183 A.2d 749; *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160; *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411. The court can dismiss the proceedings on its own mo-

tion; *Masone* v. *Zoning Board,* 148 Conn. 551, 554, 172 A.2d 891; and once the question of lack of jurisdiction is raised it must be disposed of regardless of the form of the motion.[1] See *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711.

Appeals to the courts from administrative officers or boards exist only under statutory authority and, unless a statute provides for them, courts are without jurisdiction to entertain them. *Bardes* v. *Zoning Board,* supra; *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172.

The plaintiffs have asserted statutory authority for an appeal under either §§ 8-9 and 8-10 or §§ 8-28 and 8-30a of the General Statutes. Section 8-28 applies to the actions of municipal planning commissions and provides for aggrieved parties to appeal to the Court of Common Pleas from an official action of a planning commission. Section 8-30a makes § 8-28 applicable to appeals from "planning commissions or other final planning authorities of any municipality." This court held in *Sheridan* v. *Planning Board,* 159 Conn. 1, 9, 266 A.2d 396, that there is no appeal from the action of a planning board unless it is an act "binding without further action by a zoning commission or other municipal agency." The action of the planning section in the present case was advisory only and not binding. Thus, this section provides no statutory authority for the plaintiffs' appeal. Authority for this appeal cannot be found in either § 8-9 or § 8-10 of the Gen-

---

[1] The motion to dismiss in the trial court was improper and is procedurally disapproved. Our rules of practice mandate a plea in abatement where the ground is want of jurisdiction and the facts relied on do not appear in the record and also provide that a motion to erase may be invoked where want of jurisdiction appears on the record. Practice Book §§ 93, 94; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123–24, 249 A.2d 256.

eral Statutes. Section 8-9 pertains to appeals from zoning commissions and planning and zoning commissions. The planning section of the Hamden planning and zoning commission is neither a zoning commission nor a planning and zoning commission as described in that statute. Section 250 of the Hamden zoning regulations refers to site plans and subsection 250 (1) provides that site plans for a commercial building, inter alia, shall be submitted for review and approval by the planning section of the planning and zoning commission before any foundation or building permit can be issued by the building department. The plaintiffs have alleged in their complaint as part of their appeal to the Court of Common Pleas that it was the planning section of the commission that approved the revised site plans. Section 8-10 of the General Statutes does not authorize this appeal since, as we have stated, it applies only to zoning matters and not to planning. *Beard Sand & Gravel Co.* v. *Planning & Zoning Commission,* 151 Conn. 635, 636, 201 A.2d 464. The matter before the planning section of the commission did not involve a change or reclassification of zone. The property was located in a B-2 zone which permitted the erection of an office building in such a zone. No variance, change of zone, or zoning regulation was involved in the planning section's site plan approval. The approval clearly was not a zoning function.

The action of the planning section in approving the revised site plans was merely one step to be taken in the scheme of the regulations, and under the rule of *Sheridan* v. *Planning Board,* supra, 7, 9, 10, it was a preliminary undertaking. The planning section was not a "final planning" authority under § 8-30a of the General Statutes. This is apparent from a review of the Hamden zoning regula-

tions. Section 251 of the zoning regulations delineates the rules for site plan enforcement and § 251 (1) provides that the zoning enforcement officer is responsible for the enforcement of all site plans. This is not the function of the planning section of the commission. Section 701 (1) provides for an appeal from any order, requirement or decision of the zoning enforcement officer to the zoning board of appeals and § 800 provides for the enforcement of the regulations by the zoning enforcement officer, subject to appropriate supervision and direction by the commisssion. Under § 820 of the regulations no building shall be constructed or used until a certificate of occupancy shall have been issued by the building inspector who may approve or reject any application or plan filed with him.

It is, therefore, clear that the plaintiffs failed to establish that they are entitled to the relief sought since there was no right of appeal from the advisory, preliminary, nonbinding action of the planning section of the defendant commission. The trial court acted properly in dismissing the appeal for lack of jurisdiction.

There is no error.[2]

In this opinion the other judges concurred.

---

[2] The result in this case is not affected by Public Acts 1971, No. 501, approved June 18, 1971.