ROBERT J. DURHAM *v.* FRANCINE M. MICELI
(5884)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Submitted on briefs May 4—decision released May 18, 1988

*Robert J. Durham,* pro se, the appellant (plaintiff), filed a brief.

PER CURIAM. The plaintiff has challenged the trial court's sua sponte dismissal of his action for an annulment of his marriage. The marriage of the parties was previously dissolved by judgment of the Superior Court. The trial court dismissed the plaintiff's action for annulment of marriage on the ground that it lacked jurisdiction because the marriage had previously been dissolved.

We recognize that an annulment and a dissolution of marriage differ fundamentally. An annulment renders the marriage void ab initio while a dissolution is based upon a valid marriage which terminates as of the date of the judgment of dissolution. See *Mazzei* v. *Cantales,* 142 Conn. 173, 178, 112 A.2d 205 (1955); *Schibi* v. *Schibi,* 136 Conn. 196, 200, 69 A.2d 831 (1949); *Davis* v. *Davis,* 119 Conn. 194, 196, 175 A. 574 (1934).

We need not address the legal consequences of an annulment as opposed to a dissolution of marriage in this case, or whether the trial court dismissed this case on correct grounds.

In order to be entitled to an annulment of marriage, the plaintiff must allege and prove that "the marriage is void or voidable under the laws of this state or, the state in which the marriage was performed." General Statutes § 46b-40 (b). The plaintiff's complaint is devoid of such allegations. The trial court's action in dismissing the plaintiff's complaint was, therefore, justified.

Nor need we address the plaintiff's contention that he should have been afforded an opportunity to argue against the dismissal of his complaint. The trial court was justified, as a matter of law, in dismissing the complaint.

There is no error.