[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant in this appeal, the Lebanon Inland Wetlands Commission, has filed a motion to dismiss the plaintiff's appeal on the ground that the plaintiffs are not aggrieved parties. The intervening defendant, Kelley Property Development, Inc. and John J. Kelley, Sr., have filed memoranda in support of the motion to dismiss.
The essential facts that give rise to this appeal are undisputed.
On July 2, 1990, the commission considered Kelley Property Development, Inc.'s application for extension of a wetland permit which had originally been granted August 7, 1989. The commission voted 3 to 2 to deny the application for extension. The plaintiffs were the three member majority that voted to deny the extension. According to CT Page 247 the commission minutes, the application was denied on the grounds that: "1. Many lots are now within regulated areas under present regulations. 2. New information is now available to the Commission which should be considered in the decision making process."
On August 6, 1990, a motion was made by a commission member who was not in the majority in the July 2, 1990 denial of extension to reconsider the action taken on July 2, 1990. According to Roberts Rules of Order, the motion was out of order since a motion by a member from the majority on July 2, 1990 was required for a proper motion to reconsider. The chairman of the commission, James McCaw, stated that Roberts Rules of Order apply to commission meetings and ruled that the motion to reconsider was out of order. The commission then considered a written opinion by the Lebanon town attorney to the effect that the July 2, 1990 action was improper because the reasons given were not valid. The commission then considered the application for extension as a "new" application and voted 4 to 3 to grant an extension of the August 7, 1989 wetland permit. The plaintiffs voted against the motion to grant the extension.
In their appeal, plaintiffs have alleged that granting an extension on August 16, 1990 was arbitrary, capricious and illegal because the procedure followed violated the Lebanon Inland Wetlands and Watercourses Regulations as to time for filing; the commission did not consider the new information prepared by the Environmental Review Team; and the commission violated its own rules of order by not having a two-thirds majority vote to call a question.
MOTION TO DISMISS
Whenever a claim of lack of subject matter jurisdiction is raised, the court must consider the question and fully resolve it before proceeding further with the case; Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30,32, 392 A.2d 485 (1978); Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982); and a claim of lack of subject matter jurisdiction can be raised at any time. Connecticut Practice Book Section 145; East Side Civic Assn v. Planning and Zoning Commission, 161 Conn. 558, 559,290 A.2d 348 (1971). There is no right to bring an administrative appeal to the courts except as expressly allowed by statute. As stated in Charles Holdings, Ltd. v. Planning and Zoning Commission, 208 Conn. 476, 479, 544 A.2d 633 (1988):
 "Appeals to the courts from . . . boards exist only under statutory authority. . . ." CT Page 248 Tazza v. Planning Zoning Commission, 164 Conn. 187, 190, 319 A.2d 393 (1972); East Side Civic Assn. v. Planning Zoning Commission, 161 Conn. 558, 560, 290 A.2d 348 (1971). "`"Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory . . . provisions in which it has its source." 4 Am. Jur.2d 535, Appeal and Error, Sec. 4.' LaReau v. Reincke, 158 Conn. 486, 492, 264 A.2d 576 (1969)." (Emphasis added.) In re Nunez, 165 Conn. 435, 441, 334 A.2d 898 (1973).
ISSUE OF AGGRIEVEMENT
The amended appeal dated October 23, 1990 alleges in part as follows:
 21. The plaintiffs are aggrieved because they are members of the Inland Wetlands Commission charged with protecting wetlands and watercourses of the State of Connecticut in the Town of Lebanon pursuant to Sections 22a-36 to 45 of the General Statutes and they are specifically and personally affected by the decision and ultra vires acts of the Commission in allowing the permit to be extended and renewed.
 22. The plaintiffs are further aggrieved because, as members of the Commission, they are charged with the duty of enforcing the state statutes and Lebanon Inland Wetland and Watercourse Regulations pursuant to Section 22a-44
of the General Statutes. Having two inconsistent decisions makes any prospective enforcement action impossible to determine or apply.
 23. This appeal is brought pursuant to Section 22a-43 of the Connecticut General Statutes.
CT Page 249
Section 22a-43 provides in relevant part as follows:
 (a) The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of 90 feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may appeal to the superior court . . .
 (b) At the hearing on such motion to dismiss, each applicant shall have the burden of proving his standing to bring the appeal.
In discussing the issue of aggrievement as it relates to a person other than one who owns or occupies land abutting or within a radius of 90 feet of a wetland or watercourse involved in the decision, the court in Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 523 at 530
(1987), stated as follows:
 "`"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, `the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision' . . . ."' Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601
(1984); Bakelaar v. West Haven, 193 Conn. 59, 65, 475 A.2d 283 (1984). `Aggrievement is established if "there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660
CT Page 250 (1953).' Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980)." State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300, 524 A.2d 636 (1987).
THE PLAINTIFFS' CLAIMS OF AGGRIEVEMENT
In claiming that they are aggrieved, the individual plaintiffs make the following argument:
 "Here, plaintiffs are three members of a commission charged with the duty of protecting the watercourses and wetlands of the State of Connecticut in the Town of Lebanon. As such, the plaintiffs have a specific personal and legal interest in seeing that the properly enacted decision on July 2, 1990 is upheld and that the improperly enacted decision on August 6, 1990 is reversed.
 Plaintiffs have also been specifically injured in that their ability to enforce the commission's decisions has been seriously impaired. It is plaintiff's belief that the commission's action in enacting the second decision was clearly invalid. See generally, Bright v. Zoning Board of Appeals, 149 Conn. 698, 705
(1962) ("a zoning board of appeals should not be permitted to revoke its former action unless there has been a change in conditions or new considerations materially affecting the merits of the subject matter have intervened.") Thus, the plaintiffs are injured if they are forced to let stand an extension of permit which they believe to be invalid and are conversely prevented from enforcing the Inland Wetlands and Watercourses Act forbidding development in wetlands without a permit if the landowner proceeds to develop on the basis of the August 6, 1990 extension.
 Thus, the plaintiffs are prevented from performing their duties as they see them and have therefore alleged sufficient injury for this Court to find them CT Page 251 aggrieved.
 Plaintiffs are aggrieved since they are now in the position of watching Kelley Property Development, Inc. proceed on the basis of an invalidly extended permit and are prevented from enforcing the July 2, 1990 denial of extension.
 Plaintiffs allege that the commission's July 2, 1990 action in denying the extension was proper and that its August 6, 1990 decision was improper. Thus, plaintiffs are simply suing to enforce the commission's first and proper ruling. Plaintiffs' situation is therefore similar to that of a zoning board or commission that sues to uphold or enforce its own decision."
The plaintiffs also cite a number of Connecticut decisions including City of Milford v. Local 1566, et al,200 Conn. 91 (1986), Town of Guilford v. Landon, 146 Conn. 178
(1959), and Rommell v. Walsh, 127 Conn. 16, 21 (1940), for the proposition that an administrative agency is aggrieved in order to have the right to discharge the obligations imposed upon it.
In all of the cases cited, it was the agency itself that had standing to bring the appeal in question. The regulations of the Lebanon Inland Wetlands Commission clearly show that it is the commission itself and its duly appointed enforcement officer (neither of the named plaintiffs are the duly appointed enforcement officer of the named defendant) that has the right to bring an appeal to enforce the regulations of the commission.
Connecticut General Statutes Section 22a-44 (a) provides in part that:.
 If the inland wetlands agency or its duly authorized agent finds that any person is conducting or maintaining any activity, facility or condition which is in violation of Sections 22a-36 to 22a-45, inclusive, of the regulations of the inland wetlands agency, the agency or its duly authorized agent may issue a written order by certified mail, to such person conducting such activity or maintaining CT Page 252 such facility or condition to cease immediately such activity or to correct such facility or condition.
Connecticut General Statutes Section 22a-38(4) defines "inland wetlands agency" as "a municipal board or commission established pursuant to and acting under Section 22a-42." The relevant sections of the inland wetlands and watercourse regulations of the defendant commission provide as follows:
 Section 12.2. The agency may appoint an agent or agents to act in its behalf with the authority to inspect property . . . and issue notices of violations or cease and desist orders and carry out other actions or investigations necessary for the enforcement of these regulations of all regulated activities for which permits have been issued.
 Section 12.3 states "if the agency or its duly authorized agent finds that any person is conducting or maintaining any activity, facility or condition which is in violation of the Act or these regulations, the Agency or its authorized agent may issue a written order, suspend or evoke a permit, or issue a notice of violation.
 Section 2.1 of the regulations defines agency as "the Lebanon Inland Wetlands Commission (regulating agency)."
 Section 1.4 of the regulations provide: "the Lebanon Inland Wetlands Commission (regulating agency) shall enforce all provisions of the inland wetlands and watercourse act.
This Court finds that there is no statutory authority under Section 22a-43 or under the defendant Inland Wetlands Commission Regulations for individual members of the Commission to bring an appeal such as the present appeal before the Court. This Court therefore finds that the individual plaintiffs are not specifically and personally affected by the decision of the Commission appealed from since they have failed to demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest. The individual CT Page 253 plaintiffs do not have a legally protected interest as individual commission members to bring an action challenging the decision of the commission of which they are members.
Further, the individual plaintiffs are not aggrieved insofar as their claim that as members of the commission charged with the duty of enforcing the state statutes and the Lebanon Inland Wetlands and Watercourse Regulations that having two alleged inconsistent decisions makes any prospective enforcement action impossible to determine or apply. The Court is also not persuaded by that argument. It is the commission itself that is entrusted with the enforcement of the state statutes and the wetland regulations adopted pursuant thereto and not the individual members.
Insofar as the general claim of the individual members that they are charged with protecting wetlands and watercourses, that claim is fully addressed under Section 22a-19. That section provides in part as follows:
 In any administrative . . . proceeding . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
In discussing that section, the court in Red Hill Coalition, Inc. v. Town Planning and Zoning Commission,212 Conn. 727 (1989), stated in part as follows:
 Section 22a-19 (a) makes intervention a matter of right once a verified pleading is filed complying with a statute, whether or not those allegations ultimately prove to be unfounded. We have declared that the statute permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding for the limited purpose of raising environmental issues . . . (One) who filed a verified pleading under section 22a-19 (a) became a party to an administrative proceeding upon doing so and had statutory standing to appeal for the limited purpose of raising environmental issues. (emphasis provided).
CT Page 254
All individuals, including the plaintiffs, have the right under Red Hill Coalition to involve themselves in the actions of an administrative agency but only for the limited purpose of raising environmental issues. The issues that are sought to be raised by these individual plaintiffs are not environmental issues and they do not, therefore, have the right as individual members of the defendant commission to raise the issues that they seek to raise in this appeal.
The plaintiffs have failed to meet their burden of proving their standing to bring this appeal.
Accordingly, the motion to dismiss is granted.
AXELROD, J.