[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The defendants in this case have filed a motion to dismiss claiming that the subject of the appeal is the denial of a petition for reconsideration which is not a "contested case" as defined by statute, and therefore not appealable under 4-183(a) of the General Statutes. While two separate motions to dismiss have been filed, one by the Connecticut Siting Council (hereafter called the Council), and the other by Connecticut Light and Power Company and the United Illuminating Company (the Utilities), they are based on the same grounds. CT Page 10078
The Council made a final decision and order issuing a certificate of environmental compatibility and public need for the construction of an electric transmission line, pursuant to 16-50k
of the General Statutes, to the Utilities on September 18, 1991. No appeal was taken from that decision. Before May 6, 1993 several motions were filed with the Council requesting reversal and/or modification of the prior approval of the electric transmission line. On May 6, 1993 the Council denied these motions and requests since they amounted to reinvestigation of issues which had already been considered and decided in 1991, and because there was no new information or facts that were not available at that time. Accordingly, the Council found no compelling reason to reverse its decision to reopen the proceeding. In response, additional motions were filed between May 6, 1993 and July 20, 1993 which claimed that there were changed conditions and new information. The Council then held a hearing on July 13, 1993. In deciding the motions and requests to open the Council stated that it was acting under 4-181a(b) C.G.S., which allows it to reverse or modify a final decision upon a showing of changed conditions. It issued a ruling on all the motions to reopen on July 30, 1993 stating that there had been no showing of changed conditions or new scientific knowledge to warrant the reopening of the proceeding, or for reconsidering its ruling of September 18, 1991. The plaintiffs which include the Town of Fairfield, an environmental association and six individuals appealed that decision pursuant to the General Statutes.
An appeal to the Superior Court may only be taken under 4-183
of the General Statutes from the final decision of a state agency in a contested case as defined in 4-166(2). New England Dairies, Inc. v. Commissioner of Agriculture, 221 Conn. 422, 427; Lewis v. Gaming Policy Board, 224 Conn. 693, 700. Even where a hearing is in fact held, in order to constitute a contested case, a party to the hearing must have a statutory right to have his legal rights, duties or privileges determined by the agency holding the hearing. New England Dairies, Inc. v. Commissioner of Agriculture, supra, 427. The test for contested case status involves three factors: "(1) Whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." Herman v. Division of Special Revenue, 193 Conn. 379, 382. Appeals from administrative agencies exist only under statutory authority, and the right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. CT Page 10079 Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163; Basilicato v. Department of Public Utility Control, 197 Conn. 320,324; Raines v. Freedom of Information Commission, 221 Conn. 482,489. Unless a statute provides for an appeal, the courts are without jurisdiction to entertain them. Tazza v. Planning Zoning Commission, 164 Conn. 187, 190; East Side Civil Ass'n v. Planning Zoning Commission, 161 Conn. 558, 560. There is no right to appeal under 4-183 where the agency was not statutorily required to determine the plaintiffs' claim in a hearing. Lewis v. Gaming Policy Board, supra, 701; Summit Hydropower Partnership v. Commissioner of Environmental Protection, 226 Conn. 792, 808. the fact that the agency holds a hearing on a motion or application does not make it a "contested case" as defined in 4-166(2) or create the right to take an appeal from the agency's decision. Id., 810-812.
In order to appeal under 4-183(a) the appellant must aggrieved by a "final decision" of the agency. A "final decision" is defined in 4-166(3) as:
 "(A) The agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to 4-176 or (C) an agency decision made altar reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration."
The definition of contested case in 4-166(2) means a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." This was not a hearing determining the merits of an application so it is not an agency determination in a contested case, nor it is a declaratory ruling under 4-176. This means that in order for the Council's ruling of July 30, 1993 to be a "final decision" under4-166(3) it must be a "decision made after reconsideration." However, the same statute explicitly states that "the term does not include . . . a ruling of an agency granting or denying a petition for reconsideration." The court agrees with the defendants that the motions acted upon by the Council were rulings which denied a petition for reconsideration and not a decision after reconsideration.
The subject of reconsideration or modification in contested CT Page 10080 cases is covered by 4-181a of the General Statutes. Under subsection (a) of that statute, a party in a contested case can file with the agency a petition for reconsideration of the decision within 15 days after it was made under various grounds stated in the statute. Since the ruling that the plaintiffs wanted reviewed was made on September 18, 1991, the motions here are not allowed by that provision. As the Council correctly stated, the motions here, whatever they were called, had to be based on 4-181a(b) which allows the agency to reverse or modify a final decision on a showing of changed conditions. The relevant portion of the statute reads:
 "(b) on a showing of change conditions, the agency may reverse or modify the final decision, at any time, at the request of person or on the agency's own motion. The procedure set forth in this chapter for contested cases shall be applicable to any proceeding in which such reversal or modification of any final decision is to be considered. . ."
Whether the motions filed were called requests for reversal, motions for modification or for reconsideration, they amounted to the same thing, namely an attempt to get the agency to review again on the merits a prior decision it made, and then to decide to reverse or modify that earlier decision. In order to reverse or modify the prior final decision, there must be a showing of changed conditions. Section 4-181a(b) C.G.S. The Council stated that it did not find changed conditions or a compelling reason to reopen the proceeding as to all the motions. While the plaintiffs are correct that the filer of a motion under subsection (b) does not have to be a party to the original proceeding, such person not have a preferred status over a party to the original action, and does not obtain an automatic right to appeal merely by filing the motion because the agency holds a hearing on it and denies it. While the plaintiffs claim that there was evidence of changed conditions, the agency found otherwise. In addition, even though it held a hearing on the motions it was not required to do so by the statute, and could have denied the motions without one. Accordingly, since no hearing was statutory required, denial of the motions does not create the right to appeal. Summit Hydropower Partnership v. Commissioner of Environmental. Protection, supra.
Motions for reconsideration, reversal or modification of any CT Page 10081 final decision are governed by the requirements for contested cases. Section 4-181a(b) C.G.S. The agency's decision on the motions was not a "contested case" under 4-166(2) and since no hearing was required, it was not an "agency determination in a contested case," so that it was not a "final decision" for that reason under 4-166(3). As previously stated, the definition of "final decision" includes "an agency decision made after reconsideration" (emphasis added) but the ruling of an agency granting or denying a petition for reconsideration is expressly excluded from the definition of "final decision" in 4-166(3).
The clear purpose of these statutes is to secure finality of agency decisions, and to allow appeals only from final decisions. Section 4-183(a) C.G.S. If the plaintiffs were correct in their claim that the Council's action on their motions is an appealable event, any one could resurrect the right to appeal an old decision on the merits, like Lazarus rising from the dead, merely by filing a motion for reconsideration, reversal or modification at any time, and long after the appeal period in 4-183 had expired. Not surprisingly, the statutory scheme under the Uniform Administrative Procedures Act provides otherwise.
The motions to dismiss are granted.
ROBERT A. FULLER, JUDGE