[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bring this appeal from an action of the Planning Zoning Commission of the Town of Sherman, granting an extension to the defendant, Mill Pond Farm, within which to complete work on a subdivision approved on July 25, 1991.
Mill Pond Farm applied for the extension on July 14, 1991.
The Commission considered the application and voted to approve the extension on October 15, 1998.
The plaintiffs appealed, claiming that by granting the extension, the defendant Commission acted illegally, arbitrarily and in abuse of its discretion.
The plaintiffs, Sally Flatau, David Flatau and Linda Mittel, claim to be statutorily aggrieved pursuant to § 8-8(a)(1) CT Page 694 of the Connecticut General Statutes, in that they own land which is within 100 feet of a portion of the land involved in the subdivision.
The remaining plaintiffs allege that they are classically aggrieved by the Commission's action.
On December 3, 1998, the defendant Commission moved to dismiss the appeal, contending that the court lacks subject matter jurisdiction.
On December 9, 1998, the defendant, Mill Pond Farm, filed a motion to dismiss, which also challenged the appeal for lack of subject matter jurisdiction.
Both defendants argue that the action of the Commission extending the subdivision approval is not a "decision" of the Commission from which an appeal will lie.
They also argue that none of the plaintiffs can be aggrieved as a matter of law.
A motion to dismiss is the proper vehicle for asserting lack of jurisdiction over the subject matter. Practice Book § 10-31(1).
 PLAINTIFFS MAY MAINTAIN APPEAL
Extensions of time within which a subdivider is required to complete work on a subdivision are specially authorized pursuant to § 8-26c(b) of the Connecticut General Statutes:
 The subdivider or his successor in interest may apply for and the commission may grant one or more extensions of the time to complete all or part of the work in connection with such subdivision, provided the time for all extensions under this subsection shall not exceed ten years from the date the subdivision was approved.
The plaintiffs argue that because the Commission has discretion concerning whether to approve one or more extensions totaling no more than ten years, an appeal from the granting of an extension is allowed pursuant to § 8-8(b) of the Connecticut General Statutes, which reads: CT Page 695
 [A]ny person aggrieved by any decision of a board, may take an appeal to the superior court for the judicial district in which the municipality is located.
All parties concede that the denial of a requested extension resulting in the "automatic expiration" of an approval previously granted, would constitute a "decision" of the Commission and be subject to appeal. Timber Trails Assoc. v. Sherman PlanningCommission, 18 CONN. L. RPTR. 389 (1996).
The defendants argue, however, that since the decision to grant an extension does not alter the status quo, it is not a "decision" from which an appeal may proceed.
The defendants rely upon two cases to support the proposition that the October 15, 1998 action is not an appealable issue;Sheridan v. Planning Board of the City of Stamford, 159 Conn. 1
(1969); and East Side Civic Assn. v. Planning ZoningCommission, 161 Conn. 558 (1971).
Both can be distinguished based upon the facts presented here.
Sheridan involved an attempted appeal of the Stamford Planning Board's amendment to the Master Plan of Development, an advisory document which is not binding on the board, except as to municipal improvements. Sheridan v. Planning Board, supra, 8.
East Side Civic Assn. involved an appeal of a site plan by the planning section of a combined planning and zoning commission. Appeal was attempted from approval of the site plan by the planning section, an approval which was preliminary, advisory, and not binding upon the full commission. East SideCivic Assn. v. Planning Zoning Commission, supra, 561-62.
Here, the vote of the Commission extended the subdivision approval, an act which had concrete, definite consequences on its face.
Furthermore, both Sheridan and East Side Civic Assn. involved appeals pursuant to § 8-28 of the Connecticut General Statutes which provided for appeals from "all official actions or decisions of a planning commission."
Public Act 89-356 provided a uniform procedure for appeals CT Page 696 under 8-8(b), allowing an appeal from "any decision" of an agency.
It may be that the character of actions which are now appealable, has been expanded, and now includes advisory or non-binding decisions. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 36.3, pp. 618-19.
Because the action of the defendant, Sherman Planning 
Zoning Commission, extending the subdivision approval is a "decision" of the Commission within the meaning of § 8-8(b) of the Connecticut General Statutes, the motions to dismiss must be denied.
Since the appeal involves only the extension of the subdivision approval, whether any or all of the plaintiffs can prove they are aggrieved by the decision is open to question.
However, the issue of aggrievement is one of fact for the court which is not determined by way of a motion to dismiss.Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 507
(1968).
The motions to dismiss of the defendant, Sherman Planning 
Zoning Commission, and the defendant, Mill Pond Farm, are denied.
Radcliffe, J.