[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought in two counts returnable to the court on March 13, 2001. The first count seeks an annulment of the marriage and the second count seeks a dissolution of the marriage. The defendant appeared pro se.
In the first count the plaintiff seeks an annulment on the grounds that the marriage is voidable because the plaintiff was fraudulently induced to enter the marriage. The court heard evidence from the plaintiff that he expected a monogamous relationship with the defendant when he married her. The defendant engaged in an extramarital relationship almost immediately after the marriage with a guest at the wedding. The defendant testified that she had expected that the marriage would be "open". There was no discussion regarding these expectations before the marriage.
As the court noted in Ross v. Ross, 22 Conn.L.Rptr 637 (1998),
 It is the plaintiff's burden of proof to prove the grounds for annulment. Fattibene v. Fattibene, supra, 183 Conn. 438. "A petition for the annulment of a marriage on this ground requires of the court hearing it great caution and demands clear proof" Davis v. Davis, 119 Conn. 194, 203 (1934). "It must find that the conditions leading up to and surrounding the marriage have been established by clear and convincing evidence to be such as to render the marriage void or voidable." Trotta v. Trotta, 5 Conn. Sup. 218, 223
(1937). "An annulment is not favored." Durham v. Miceli, 15 Conn. App. 96, 97 (1988).
The court finds that the plaintiff has failed to prove the allegations to support a judgment of annulment. CT Page 11792
The court makes the following findings on the second count:
1. The plaintiff and defendant, whose birth name is Sharry Burwood, were married on August 5, 2000 in Bristol, Connecticut.
2. The plaintiff has resided continuously in the State of Connecticut for at least twelve months before the filing of the complaint.
3. The marriage has broken down irretrievably.
4. No minor children have been born to the defendant wife since the date of the marriage.
5. The agreement entered into by the parties is fair and equitable.
Based on these findings, the court dissolves the marriage and incorporates by reference the agreement.
DiPentima, J.