[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the motion of the defendant, the New London planning and zoning commission, to dismiss the appeal of the plaintiff, Fort Trumbull Conservancy, LLC, on the ground that the court lacks subject matter jurisdiction over the appeal. The court finds that the defendant's motion to dismiss should be granted.
 FACTS
On October 12, 2001, the plaintiff, Fort Trumbull Conservancy, LLC, commenced this appeal by service of process upon the New London planning and zoning commission, the New London city clerk and the New London Development Corporation.
The New London Development Corporation is an implementing agency which was formed to perform certain municipal improvements for roads and infrastructure, known as the Fort Trumbull Municipal Development Plan, for the Fort Trumbull area of New London, Connecticut. (Plaintiffs Appeal, ¶¶ 2, 3, 12-17.) The plaintiff, Fort Trumbull Conservancy, LLC, is a corporation comprised of members that are owners of property in New London within, adjacent to, or affected by the development plan. (Plaintiffs Appeal, ¶ 4.) The plaintiff claims aggrievement under General Statutes §§ 8-8, 22a-15, 22a-19 and 22a-20. (Plaintiffs Appeal, ¶ 5.)
On July 25, 2001, the New London city council referred the development plan to the defendant commission for a report pursuant to General Statutes § 8-24.[1] (Item #7, Minutes, August 16, 2001 Regular Meeting, p. 7.)
The commission discussed the § 8-24 referral on August 16, 2001, CT Page 6485 September 6, 2001 and September 25, 2001. (Minutes, Planning Zoning Commission Meeting.) Minutes from the September 25, 2001 meeting indicate that, per the requirements of § 8-24, the commission recommended" approval for the development plan to the city council. (Motion #1, Minutes, September 25, 2001 Special Meeting, p. 6.) At that meeting, the commission also "approved" a coastal site plan, per the requirements of the Connecticut Coastal Environmental Act, General Statutes § 22a-105
(b)(5). (Motion #2, Minutes, September 25, 2001 Special Meeting, p. 7.) The minutes indicate that the commission referred to the § 8-24
recommendation and the § 22a-105 (b)(5) coastal site plan approval as the "Fort Trumbull MDP Phase II 8-24 Referral Information" and "Phase II 8-24 Referral Plans," respectively. (Motion #1 and #2, Minutes, September 25, 2001 Special Meeting, pp. 6, 7.) In his affidavit, Richard Brown, city manager of New London, Connecticut, avers that on or about September 26, 2001, the commission issued its report "recommending the approval of said `Phase II Infrastructure' municipal improvements." (Defendant's Exhibit, ¶ 4; Brown Affidavit.) The Phase II Referral was forwarded as a recommendation report to the city council, and on October 15, 2001, the city council voted to approve the Phase II Referral. (Defendant's Exhibit, ¶ 5; Brown Affidavit.) The plaintiffs appeal arises from the subject Phase II Referral. The defendant filed a motion to dismiss the plaintiffs appeal on January 2, 2002 and the plaintiff filed an objection to the motion to dismiss on January 22, 2002. The defendant filed a reply memorandum to the plaintiffs objection on January 24, 2002.
 DISCUSSION
"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . ." (Internal quotation marks omitted.) Brookridge District Assn. v.Planning Zoning Commission, 259 Conn. 607, 610-11, ___ A.2d ___ (2002). "Whenever the absence of jurisdiction of the court is brought to its attention the matter must be decided before any further action is taken." East Side Civic Assn. v. Planning Zoning Commission, 161 Conn. 558, 559,290 A.2d 348 (1971).
The defendant moves on the ground that the court lacks subject matter jurisdiction to hear the appeal. Specifically, the defendant moves on the basis that (1) the defendant's decision was not a final decision but was CT Page 6486 a recommendation report, pursuant to General Statutes § 8-24, which is not appealable, and (2) the plaintiff has no adequate remedy at law because the New London city council voted by more than two-thirds to approve the municipal improvements; therefore, a reversal of the commission's decision would be moot. In its memorandum in support of its motion to dismiss, the defendant argues that the court lacks jurisdiction to hear the plaintiffs appeal because, under Connecticut law, only final decisions of a planning and zoning commission are appealable. The defendant asserts that for purposes of the appeal, the decision the commission made on September 25, 2001 was not a "final decision" but was a "referral" to the New London city council pursuant to § 8-24. The defendant argues that a § 8-24 referral is a recommendation report and an advisory decision of the commission, and that the final approval of the project remains with the city council, not with the planning and zoning commission. The defendant contends that its "decision" could not be final "when the ultimate decision was made by another municipal agency, the City Council." (Defendant's Memorandum in Support of Motion to Dismiss, p. 5.)
As previously stated, the plaintiff alleges that it has standing to commence this action pursuant to §§ 8-8, 22a-15, 22a-19 and 22a-20. (Appeal, ¶ 5.) In its objection to the motion to dismiss, however, the plaintiff claims that it is not appealing from a § 8-24 referral but, rather, it appeals the commission's decision pursuant to the Connecticut Coastal Management Act, specifically §§ 22a-105[2] and22a-106, as well as the Connecticut Environmental Protection Act, in particular General Statutes §§ 22a-19 and 22a-20. (Plaintiff's Objection, p. 1; Plaintiff's Memorandum, p. 2.)
The defendant correctly argues that referrals made pursuant to § 8-24
are not appealable. There is no appeal "from actions of a planning board which are not binding on anyone, and which are . . . only a preliminarystep in the creation of a new and binding use by the zoning board." (Emphasis added.) Sheridan v. Planning Board, 159 Conn. 1, 10, 266 A.2d 396
(1969). Minutes from the September 25, 2001 planning and zoning commission meeting indicate that the commission referred to its § 8-24
recommendation and § 22a-105 coastal site plan approval, which it sent as a single recommendation report to the New London city council, as the "Phase II 8-24 Referral Information" and "Phase II Referral Plans," respectively. (Motions #1 and #2, Minutes, September 25, 2001 Special Meeting, pp. 6, 7.) Therefore, because the commission's recommendation was only a "preliminary step"; Sheridan v. Planning Board, supra,159 Conn. 10; pursuant to § 8-24, it was not a final decision and is not appealable under Connecticut law.
In Civie v. Planning Zoning Commission, Superior Court, judicial CT Page 6487 district of Ansonia/Milford at Milford, Docket No. 072800 (November 2, 2001, Alander, J.) (30 Conn.L.Rptr. 568), the issue was "whether a decision of a planning and zoning commission pursuant to General Statutes § 8-24 to issue a favorable report with respect to proposed municipal improvements is immediately appealable." Id. The plaintiffs owned a residence in an area where selectmen had proposed municipal improvement projects. The selectmen, pursuant to § 8-24, referred the proposed project to the planning and zoning commission for a report, and the planning and zoning commission voted to approve the project and issued its report to the board of selectmen, which ultimately approved the project. The plaintiffs appealed and the planning and zoning commission moved to dismiss the appeal on the ground that the court lacked subject matter jurisdiction to hear the matter because the decision of the committee was, in fact, "only a preliminary step in the approval process and is not immediately appealable. . . ." Id. The court found that the commission's decision was "a preliminary and advisory opinion that did not result in the final approval of the projects." Id. The court emphasized that only the final decisions of agencies are appealable to avoid "injecting the court into administrative decision making before it is ripe to do so." Id. Similarly, in East Side Civic Assn. v. Planning Zoning Commission,161 Conn. 558, 560-61, 290 A.2d 348 (1971), where the planning section of the planning and zoning commission approved a site plan, the court recited the rule of Sheriden and held that no appeal existed from the approval of the site plan by the planning section of the commission since the decision was preliminary, advisory and not binding without further action by another municipal agency.
As previously stated, in its objection to the motion to dismiss, the plaintiff asserts that it does not appeal the § 8-24 advisory opinion, it appeals the commission's decision pursuant to §§ 22a-105
and 22a-106. Planning and zoning commissions have final authority for decisions made pursuant to § 22a-105, and such decisions would usually be appealable decisions.[3] The Coastal Management Act, §§22a-90-22a-113, "delegates the administration of the state-wide policy of planned coastal development to local agencies charged with responsibility for zoning and planning decisions. See General Statutes §§ 22a-105 and22a-106. The act envisages a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with local zoning requirements and for consistency with the policies of planned coastal management." (Internal quotation marks omitted.) DeBeradinis v. Zoning Commission, 228 Conn. 187,195-96, 635 A.2d 1220 (1994).
In its reply memorandum to the plaintiffs objection to the motion to dismiss, however, the defendant argues that the coastal site plan review was made as "part and parcel" of a § 8-24 referral and as such it is CT Page 6488 not "separate and distinct" from the § 8-24 referral report; therefore, it is not appealable as a final decision. The defendant argues that the authority for its position is found in § 22a-105 (b), which provides, in relevant part: "The following site plans, plans and applications for activities or projects to be located fully or partially within the coastal boundary . . . shall be defined as `coastal site plans' and shall be subject to the requirements of this chapter: . . . (5) a referral of a proposed municipal project to a planning commission in accordance with section 8-24 or with any special act." The court finds that, based upon this language, the legislature envisioned a situation where a coastal site plan could be an integral, inseparable component of a § 8-24 referral.
Minutes of the commission meetings reveal that the commission considered the coastal site plan review pursuant to the § 8-24
referral. For example, at the first meeting at which the commission discussed the Phase II improvements, the improvements were titled "C.G.S. 8-24 Referral — Coastal Site Development Review" and were considered as a single agenda item. (Item #7, Minutes, August 16, 2001 Regular Meeting, p. 6.) At the meeting, the city law director explained that the purpose of the application "was for a Coastal Area Management Review and for a referral to City Council to ensure that the plan is consistent with the Municipal Development Plan adopted by Council (January 2000)." (Item #7, Minutes, August 16, 2001 Regular Meeting, p. 6.) The matter was continued to September 6, 2001, whereupon counsel for the New London Development Corporation reminded the commission of its role in reviewing the application. Counsel explained that the commission was to "determine whether or not [the application] is consistent with the Fort Trumbull Municipal Development Plan." (Item #4, Minutes, September 6, 2001 Regular Meeting, p. 4.) At that same meeting, the city planner stated that the commission is issuing a referral to City Council as well as a permit for the Coastal Management Review." (Item #4, Minutes, September 6, 2001 Regular Meeting, p. 7.) The minutes indicate that when the commission voted on the § 8-24 recommendation and the § 22a-105
(b)(5) coastal site plan approval, although the subject of separate motions, the motions were not put to separate votes, but were the subject of a single vote. (Motions #1 and #2, Minutes, September 25, 2001 Special Meeting, pp. 6, 7.) As previously stated, the Phase II Referral was forwarded as a single recommendation report to the city council, and on October 15, 2002, the city council voted to approve the Phase II Referral. (Defendant's Exhibit, ¶ 5; Brown Affidavit.) Based on the minutes of the commission meeting, the court finds that the commission approved the coastal site plan pursuant to § 8-24. Accordingly, the court finds that the commission's approval of the coastal site plan was not a final decision, but was a referral, pursuant to § 8-24, and as such it is not appealable. CT Page 6489
The plaintiff also alleges that it appeals the commission's decision pursuant to General Statutes § 22a-19 and 22a-20. Section 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." The Connecticut Supreme Court has ruled that § 22a-19 (a) intervenors have standing to appeal a commission's decision. Branhaven Plaza, LLC v. Inland WetlandsCommission, 251 Conn. 269, 276 n. 9, 740 A.2d 847 (1999). Because the court has found that the commission's approval of the coastal site plan was part of a § 8-24 referral, and was not a final decision, the court finds that there is no right of appeal pursuant to § 22a-19.
In conclusion, the court grants the defendant's motion to dismiss on the ground that the court lacks subject matter jurisdiction to hear the plaintiffs appeal.
 _______________________________________ D. Michael Hurley, Judge Trial Referee